1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902)
2  bradfordnewman@paulhastings.com
   PATRICK M. SHERMAN (SB# 229959)
3  patricksherman@paulhastings.com
   EMILIE A.E. SMITH (SB #238845)
4  emiliesmith@paulhastings.com
5  1117 S. California Avenue
   Palo Alto, CA  94304-1106
6  Telephone:  (650) 320-1800
   Facsimile:  (650) 320-1900
7
8  Attorneys for Defendants
   TRANSWESTERN PUBLISHING COMPANY,
9  LLC and YELLOW BOOK USA, INC.

10                 UNITED STATES DISTRICT COURT

11                EASTERN DISTRICT OF CALIFORNIA

12                    SACRAMENTO DIVISION

13

14  ROCK CLUM,                           CASE NO.  2:07-CV-02642-GEB-DAD

15             Plaintiff,                 **AMENDED STIPULATION AND
                                          PROTECTIVE ORDER**
16        v.

17  TRANSWESTERN PUBLISHING
    COMPANY, LLC, a Delaware limited
18  liability company; YELLOW BOOK USA,
    INC.,
19
              Defendants.
20

21

22

23

24

25

26

27

28

AMENDED STIPULATED PROPOSED PROTECTIVE ORDER, CASE NO. 2:07-CV-02642-GEB-DAD

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order, which shall govern all discovery, documents and papers served and exchanged by the parties from the inception of this action.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

a.   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

b.   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, records, exhibits, reports, samples, testimony, transcripts, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings—including copies or electronically-stored versions of any of the foregoing—or tangible things) that are served, exchanged, produced, or generated, whether voluntarily, by order of court, or in disclosures or responses to discovery in this matter.

c.   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

d.   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing

-1-

1    Party.

2    e.  <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in

3        this action.

4    f.  <u>Designating Party</u>: a Party or non-party that designates information or items that it

5        produces in disclosures or in responses to discovery as "Confidential."

6    g.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

7        "Confidential."

8    h.  <u>Outside Counsel or Outside Attorneys</u>: attorneys who are not employees of a Party but

9        who are retained to represent or advise a Party in this action.

10   i.  <u>House Counsel</u>: attorneys who are employees of a Party.

11   j.  <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support

12       staffs).

13   k.  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the

14       litigation who has been retained by a Party or its counsel to serve as an expert witness or

15       as a consultant in this action and who is not a past or a current employee of a Party or of a

16       competitor of a Party's and who, at the time of retention, is not anticipated to become an

17       employee of a Party or a competitor of a Party's. This definition includes a professional

18       jury or trial consultant retained in connection with this litigation.

19   l.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g.,

20       photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

21       storing, retrieving data in any form or medium; etc.) and their employees and

22       subcontractors.

23   3.  <u>SCOPE</u>

24       The protections conferred by this Stipulated Protective Order cover not only Protected

25   Material (as defined above), but also any information copied or extracted therefrom, as well as all

26   copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

27   presentations by parties or counsel to or in court or in other settings that might reveal Protected

28   Material.

-2-

1     4.   DURATION

2          Even after the termination of this litigation, the confidentiality obligations imposed by this

3     Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

4     otherwise directs.

5     5.   DESIGNATING PROTECTED MATERIAL

6          a.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-

7     party that designates information or items for protection under this Stipulated Protective Order

8     must take care to limit any such designation to specific material that qualifies under the

9     appropriate standards. A Designating Party must take care to designate for protection only those

10    parts of material, documents, items, or oral or written communications that qualify – so that other

11    portions of the material, documents, items, or communications for which protection is not

12    warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

13    Designations that are shown to be clearly unjustified, or that have been made for an improper

14    purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose

15    unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If

16    it comes to a Party's or a non-party's attention that information or items that it designated for

17    protection do not qualify for protection at all, or do not qualify for the level of protection initially

18    asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

19    mistaken designation.

20         b.   Manner and Timing of Designations. Except as otherwise provided in this Stipulated

21    Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under

22    this Order must be clearly so designated before the material is disclosed or produced.

23    Designation in conformity with this Stipulated Protective Order requires:

24              (i)    for information in documentary form (apart from transcripts of depositions

25                     or other pretrial or trial proceedings), that the Producing Party affix the

26                     legend "CONFIDENTIAL" on each page that contains Protected Material.

27                     If only a portion or portions of the material on a page qualifies for

28                     protection, the Producing Party also must clearly identify the protected

-3-

1   portion(s) (e.g., by making appropriate markings in the margins).  A Party

2   or non-party that makes original documents or materials available for

3   inspection need not designate them for protection until after the inspecting

4   Party has indicated which material it would like copied and produced.

5   During the inspection and before the designation, all of the material made

6   available for inspection shall be deemed "CONFIDENTIAL." After the

7   inspecting Party has identified the documents it wants copied and

8   produced, the Producing Party must determine which documents, or

9   portions thereof, qualify for protection under this Stipulated Protective

10   Order, then, before producing the specified documents, the Producing Party

11   must affix the appropriate legend ("CONFIDENTIAL") on each page that

12   contains Protected Material. If only a portion or portions of the material on

13   a page qualifies for protection, the Producing Party also must clearly

14   identify the protected portion(s) (e.g., by making appropriate markings in

15   the margins);

16   (ii)   for testimony given in deposition or in other pretrial or trial proceedings,

17   that the Party or non-party offering or sponsoring the testimony identify on

18   the record, before the close of the deposition, hearing, or other proceeding,

19   all protected testimony, and further specify any portions of the testimony

20   that qualify as "CONFIDENTIAL." When it is impractical to identify

21   separately each portion of testimony that is entitled to protection, and when

22   it appears that substantial portions of the testimony may qualify for

23   protection, the Party or non-party that sponsors, offers, or gives the

24   testimony may invoke on the record (before the deposition or proceeding is

25   concluded) a right to have up to 30 days after receipt of the transcript to

26   identify the specific portions of the testimony as to which protection is

27   sought.  Only those portions of the testimony that are appropriately

28   designated for protection within the 30 days shall be covered by the

-4-

1   provisions of this Stipulated Protective Order.  Transcript pages containing

2   Protected Material must be separately bound by the court reporter, who

3   must affix on each such page the legend "CONFIDENTIAL" as instructed

4   by the Party or non-party offering or sponsoring the witness or presenting

5   the testimony.

6   (iii)   for information produced in non-paper media (e.g., video tapes, audio

7   tapes, computers, electronic storage media, etc.), and for any other tangible

8   items, that the Producing Party affix in a prominent place on the medium, if

9   possible, and the exterior of the container or containers in which the

10  information or item is stored the legend "CONFIDENTIAL," so as to

11  clearly provide notice of the designation.  If only portions of the

12  information or item warrant protection, the Producing Party, to the extent

13  practicable, shall identify the protected portions. To the extent any

14  Receiving Party prints or makes a photocopy of any of the information

15  contained on non-paper media that is designated as Protected Material, the

16  Receiving Party shall affix the legend "CONFIDENTIAL" on each page

17  that has been designated as containing Protected Material.

18  c.   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

19  qualified information or items as "Confidential" does not, standing alone, waive the

20  Designating Party's right to secure protection under this Order for such material. If

21  material is appropriately designated as "Confidential" after the material was initially

22  produced, the Receiving Party, on timely notification of the designation, must make

23  reasonable efforts to assure that the material is treated in accordance with the provisions

24  of this Stipulated Protective Order.

25  6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

26  a.   Timing of Challenges. Unless a prompt challenge to a Designating Party's designation of

27  Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic

28  burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right

-5-

STIPULATED PROPOSED PROTECTIVE ORDER, CASE NO. 2:07-CV-02642-GEB-DAD

1    to challenge a Protected Material designation by electing not to mount a challenge promptly after

2    the original designation is disclosed.

3        b.   Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's

4    confidentiality designation must do so in good faith and must begin the process by conferring

5    directly (in voice to voice dialogue; other forms of communication are not sufficient) with

6    counsel for the Designating Party. In conferring, the challenging Party must explain the basis for

7    its belief that the designation was not proper and must give the Designating Party an opportunity

8    to review the designated material, to reconsider the circumstances, and, if no change in

9    designation is offered, to explain the basis for the chosen designation. A challenging Party may

10   proceed to the next stage of the challenge process only if it has engaged in this meet and confer

11   process first.

12       c.   Judicial Intervention. A Party that elects to press a challenge to a Protected Material

13   designation after considering the justification offered by the Designating Party may file and serve

14   a motion that identifies the challenged material and sets forth in detail the basis for the challenge.

15   Each such motion must be accompanied by a competent declaration that affirms that the movant

16   has complied with the meet and confer requirements imposed in the preceding paragraph and that

17   sets forth with specificity the justification for the confidentiality designation that was given by the

18   Designating Party in the meet and confer dialogue.  The burden of persuasion in any such

19   challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all

20   parties shall continue to afford the material in question the level of protection to which it is

21   entitled under the Producing Party's designation.

22       7.   ACCESS TO AND USE OF PROTECTED MATERIAL

23       a.   Basic Principles. A Receiving Party may use Protected Material that is disclosed or

24   produced by another Party or by a non-party in connection with this case only for prosecuting,

25   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

26   the categories of persons and under the conditions described in this Stipulated Protective Order.

27   When the litigation has been terminated, a Receiving Party must comply with the provisions of

28   section 12, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by

-6-

1    a Receiving Party at a location and in a secure manner that ensures that access is limited to the

2    persons authorized under this Stipulated Protective Order.

3        b.   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

4    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

5    disclose any information or item designated CONFIDENTIAL only to:

6            (i)     the Receiving Party's Counsel of record in this action, as well as

7                    employees of said Counsel to whom it is reasonably necessary to disclose

8                    the information for this litigation and who have signed the

9                    "Acknowledgement and Agreement to Be Bound by Protective Order" that

10                   is attached hereto as Exhibit A;

11           (ii)    the officers, directors, and employees (including in-house Counsel) of the

12                   Receiving Party to whom disclosure is reasonably necessary for this

13                   litigation and who have signed the "Acknowledgement and Agreement to

14                   Be Bound by Protective Order" (Exhibit A);

15           (iii)   experts (as defined in this Order) of the Receiving Party to whom

16                   disclosure is reasonably necessary for this litigation and who have signed

17                   the "Acknowledgement and Agreement to Be Bound by Protective Order"

18                   (Exhibit A);

19           (iv)    the Court and its personnel;

20           (v)     court reporters and their staffs;

21           (vi)    professional vendors to whom disclosure is reasonably necessary for this

22                   litigation and who have signed the "Acknowledgement and Agreement to

23                   Be Bound by Protective Order" (Exhibit A);

24           (vii)   during their depositions, witnesses in the action to whom disclosure is

25                   reasonably necessary and who have signed the "Acknowledgement and

26                   Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of

27                   transcribed deposition testimony or exhibits to depositions that reveal

28                   Protected Material must be separately bound by the court reporter and may

-7-

1       not be disclosed to anyone except as permitted under this Stipulated

2       Protective Order; and

3           (viii)   the author of the document or the original source of the information.

4   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

5   LITIGATION

6       If a Receiving Party is served with a subpoena or an order issued in other litigation that

7   would compel disclosure of any information or items designated in this action as

8   "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax,

9   if possible) immediately and in no event more than three court days after receiving the subpoena

10  or order. Such notification must include a copy of the subpoena or court order.  The Receiving

11  Party also must immediately inform in writing the Party who caused the subpoena or order to

12  issue in the other litigation that some or all the material covered by the subpoena or order is the

13  subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of

14  this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena

15  or order to issue.  The purpose of imposing these duties is to alert the interested parties to the

16  existence of this Stipulated Protective Order and to afford the Designating Party in this case an

17  opportunity to try to protect its confidentiality interests in the court from which the subpoena or

18  order issued. The Designating Party shall bear the burdens and the expenses of seeking protection

19  in that court of its confidential material – and nothing in these provisions should be construed as

20  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

21  another court.

22  9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

24  Material to any person or in any circumstance not authorized under this Stipulated Protective

25  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

26  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

27  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

28

-8-

1    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

2    Be Bound by Protective Order" that is attached hereto as Exhibit A.

3         10. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

4         a.   If a Receiving Party receives materials that obviously appear to be subject to an attorney-

5              client privilege or otherwise clearly appear to be confidential and privileged and where it

6              is reasonably apparent that the materials were provided or made available through

7              inadvertence, the Receiving Party receiving such materials must refrain from examining

8              the materials any more than is essential to ascertain if the materials are privileged, and

9              shall immediately notify the Producing Party in writing that he or she possesses material

10             that appears to be privileged.

11

12             The Receiving Party then must use its best efforts to retrieve the original and all copies of

13             the above-referenced materials of which the Receiving Party is aware, and return them to

14             the Producing Party within ten (10) calendar days of notifying the Producing Party as

15             required by the preceding paragraph.  The return of these materials shall not preclude the

16             Receiving Party from later moving the Court to compel their production.  Within a

17             reasonable time after receiving the returned materials, the Producing Party shall provide a

18             privilege log for those materials.

19        b.   If a Producing Party discovers that it has inadvertently produced materials subject to an

20             attorney-client privilege or otherwise confidential and privileged, the Receiving Party

21             must return to the Producing Party the originals and all copies of those materials within

22             (10) calendar days of a written request by the Producing Party, provided that the

23             Producing Party makes this written request within ten (10) calendar days of its discovery

24             of the inadvertent production.  The return of these materials shall not preclude the

25             Receiving Party from later moving the Court to compel their production.  Within a

26             reasonable time after receiving the returned materials, the Producing Party shall provide a

27             privilege log for those materials.  This provision is without prejudice to the parties' rights

28             under subparagraph (a) of this section.

-9-

1

c.  The inadvertent production and return of privileged materials under this section shall not

2

waive, or constitute an estoppel to, a claim of any applicable privilege with respect to the

3

parties to this agreement, or with respect to any other party.

4

11. FILING PROTECTED MATERIAL

5

Without written permission from the Designating Party or a court order secured after

6

appropriate notice to all interested persons, a Party may not file in the public record in this action

7

any Protected Material. A Party that seeks to file under seal any Protected Material must comply

8

with Local Rule 39-141.

9

12. FINAL DISPOSITION

10

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

11

after the final termination of this action, each Receiving Party must return all Protected Material

12

to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

13

abstracts, compilations, summaries or any other form of reproducing or capturing any of the

14

Protected Material. With permission in writing from the Designating Party, the Receiving Party

15

may destroy some or all of the Protected Material instead of returning it. Whether the Protected

16

Material is returned or destroyed, the Receiving Party must submit a written certification to the

17

Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

18

deadline that identifies (by category, where appropriate) all the Protected Material that was

19

returned or destroyed and that affirms that the Receiving Party has not retained any copies,

20

abstracts, compilations, summaries or other forms of reproducing or capturing any of the

21

Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an

22

archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

23

attorney work product, even if such materials contain Protected Material. Any such archival

24

copies that contain or constitute Protected Material remain subject to this Stipulated Protective

25

Order as set forth in Section 4 (DURATION), above.

26

13. MISCELLANEOUS

27

a.  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

28

modification by the Court in the future.

-10-

1      b.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective

2  Order no Party waives any right it otherwise would have to object to disclosing or producing any

3  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

4  no Party waives any right to object on any ground to use in evidence of any of the material

5  covered by this Stipulated Protective Order.

6        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8  DATED: December 1, 2008       PAUL, HASTINGS, JANOFSKY & WALKER LLP

9            By:  /s/ Patrick M. Sherman

10                PATRICK M. SHERMAN

11

12           Attorneys for Defendants
              TRANSWESTERN PUBLISHING COMPANY,
              LLC and YELLOW BOOK USA, INC.

13

14  DATED: November 24, 2008     LAW OFFICES OF STEVEN A. LAMON

15

16

17           By:  /s/ Steven A. Lamon
              STEVEN A. LAMON

18           Attorney for Plaintiff
              ROCK CLUM

19

20       PURSUANT TO STIPULATION, IT IS SO ORDERED.

21  DATED:  January 16, 2009.

22

23  _____
    DALE A. DROZD

24    UNITED STATES MAGISTRATE JUDGE

25  Ddad1/orders.civil/clum2642.protectord

26

27

28

-11-

1                                  <u>EXHIBIT A</u>

2      ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3          I, _____, of _____

4 [print or type full address], declare under penalty of perjury that I have read in its entirety and

5 understand the Stipulated Protective Order issued by the United States District Court for the

6 Northern District of California on _____ in the case of Rock Clum v.

7 Transwestern Publishing Company, LLC, Yellow Book USA, Inc., Case No. 2:07-CV-02642-

8 GEB-DAD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

9 Order and I understand and acknowledge that failure to so comply could expose me to sanctions

10 and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

11 manner any information or item that is subject to this Stipulated Protective Order to any person or

12 entity except in strict compliance with the provisions of this Stipulated Protective Order.

13          I further agree to submit to the jurisdiction of the United States District Court for the

14 Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

15 Order, even if such enforcement proceedings occur after the termination of this action.

16         I hereby appoint _____ [print or type full name] of

17 _____ [print or type full address and

18 telephone number] as my California agent for service of process in connection with this action or

19 any proceedings related to enforcement of this Stipulated Protective Order.

20

21 Date: _____

22

23 City and State where sworn and signed: _____

24 Printed name: _____

25 Signature: _____

26

27

28

-12-